UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Larry Hall, )<br>)<br>      Petitioner, )<br>)<br>v. )<br>)<br>)<br>)<br>District of Columbia *et al.*, )<br>)<br>      Respondents. ) | Case: 1:16-cv-02124 (G Deck)<br>Assigned To : Unassigned<br>Assign. Date : 10/25/2016<br>Description: Habeas Corpus/2241 |

## MEMORANDUM OPINION

Petitioner, proceeding *pro se*, is a District of Columbia resident who has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. He purports to sue on behalf of "all past, and present parole and supervised release violators whose sentences have been extended days, and years past [their] expiration dates" due to an alleged "mis-application of the District of Columbia Code." Mem. of P. & A. at 1.

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see generally* § 2241 ("Power to grant writ"). Petitioner does not state that he is in custody by virtue of "order, process, judgment or decree of a court or judge of the United States" or that of a state court. 28 U.S.C. § 2241(c). In addition, as a general rule applicable here, a *pro se* party may plead his own case but cannot represent the interest of other individuals in federal court. *See* 28 U.S.C. § 1654; *DeBrew v. Atwood*, 792 F.3d

118, 132 (D.C. Cir. 2015); *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984).

Hence, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date:  October 20, 2016

United States District Judge